IN THE MATTER OF THE ESTATE OF OGDEN A. KANTNER, DECEASED.

Superior Court of New Jersey
Appellate Division

Argued September 8, 1958—Decided September 11, 1958.

Before Judges GOLDMANN, CONFORD and FREUND.

*Mr. Ralph S. Mason* argued the motion for respondents (*Messrs. Mason, Griffin and Moore,* attorneys).

*Mr. Richard J. S. Barlow, Jr.,* guardian *ad litem,* appellant, argued *pro se* in opposition.

PER CURIAM. On June 17, 1958 this court filed its opinion in the above captioned appeal determining that unless the parties agreed upon a specified valuation of certain shares of stock in the estate the shares were to be valued, for purposes of determining the number of shares to be distributed to the widow pursuant to the provisions of the will creating a trust for her benefit, at their value as of the date of application by the executor for. approval of the account and for distribution. See *In re Kantner's Estate*, 50 *N. J. Super.* 582, 592 (*App. Div.* 1958), for the significance of the ruling.

The application referred to was made on December 6, 1957 and the order of distribution by the County Court, fixing as the date of valuation the date of the decedent's death, was entered on the same date as the filing of the application, December 6, 1957.

The executors now move for revision of the opinion so as to set as the determinative valuation date the day when actual distribution of the shares will take place, presumably in the near future. Apparently there has been some decline in the value of the shares since the date of judgment in the trial court. We think this course would be unjustified. The entry of the order of distribution settled the rights of the parties as of that date, cf. *In re Bradford's Estate*, 128 *N. J. Eq.* 372, 375 (*Prerog.* 1940), subject, of course, to appeal. The mere fact that the appeal in this case resulted in a correction of the provision concerning valuation contained in the order made by the trial court and delayed the date of actual physical distribution does not affect the status of the date of the judgment of distribution as the properly determinative date of valuation for distribution purposes.

The opinion and mandate in this appeal are modified so as to substitute a reference to the date of the judgment of the trial court in the place of the reference to the date of application by the executors and trustees for approval of their account and for distribution, as set forth in the last paragraph of the opinion. In all other respects the motion is denied. No costs on the motion.